UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DESHAWN DAWSON, on behalf of himself and others similarly situated, | Case No: 1:18-cv-00521-LGS |
| Plaintiff, | |
| -against- | AFFIRMATION OF JOSEPH H. MIZRAHI |
| KEITH DE LELLIS GALLERY, LLC, | |
| Defendant, | |

_____

Joseph H. Mizrahi, Esq., affirms under the penalties of perjury, 28 U.S.C. sec. 1746:

1. That I am admitted to practice law within the State of New York, and the United States District Court, Southern District of New York, and currently represent the Plaintiff, Deshawn Dawson, with respect to a Complaint filed on January 17, 2019, against Defendant, alleging violations of the Americans with Disabilities Act ("ADA"), and contemporaneous State and City violations, pursuant to 42 U.S.C. § 12181 et seq. (Complaint attached hereto as "Ex. A")

2. That I make this affirmation pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's Order to Show Cause for the entry of a default judgment against defendant.

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. 12181, et seq., and § 1332.

4. That service upon the Defendant was made on January 25, 2019, by Hilton Investigations LLC, by service upon the New York Secretary of State, pursuant to 306 General Business Law. (Affidavit of Service attached hereto as "Ex. B")

5. That Defendant failed to reply to said Complaint and on April 2, 2019, I moved for a Certificate of Default, which was issued by the Clerk of the Southern District of New York, on April 3, 2019. (Certificate of Default attached hereto as "Ex. C")

6. That upon information and belief, during the interim from the filing of the Complaint until the present time, Defendant has not responded or made contact with Plaintiff.

7. That upon information and belief, no extensions were granted to Defendant to delay Defendant's response deadline or dispositive motions.

8. That a Judgment of Default is only applicable against the sole party in this action, Keith De Lellis Gallery, LLC.

8. Accordingly and pursuant to the Service Members Civil Relief Act, Title 50, United States Code, Section 521, your affiant has no reason to believe that the putative Defendant is a minor or currently enlisted, warranted, or commissioned in military service and unable to respond to these proceedings.

**Causes of Action/Relief Requested**

9. That the Complaint alleged violations of Title III of the Americans with Disabilities Act ("A.D.A."), pursuant to 42 U.S.C. § 12182 et seq., New York Executive Law § 296 et seq., and New York City Civil Rights Law § 40 et seq., premised upon Defendant's failure to conform their website to be equally and uniformly accessible to blind and visually impaired individuals.

10. That Plaintiff's Prayer for Relief, sought preliminary and permanent injunctions, pursuant to 42 U.S.C. § 12188(a)(2); A Declaration of Defendant's non-compliance; an Order certifying the Class and sub-classes, pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3); Compensatory Damages and Civil Penalties, pursuant to New York City Civil Rights Law § 40-d; and Administrative Code 8-126(a), and 8-502.

11. Plaintiff seeks compensatory damages pursuant to the New York State Human Rights ("NYSHRL") Law and New York City Human Rights Law ("NYCHRL"), in the amount of $1,000. *Kreisler v. Second Ave. Diner Corp.,* 2012 U.S. Dist. LEXIS 129298 (S.D.N.Y. Sept. 11, 2012)

12. Plaintiff seeks an award for reasonable attorney fees and costs, pursuant to 42 U.S.C. § 12205, as the prevailing party in this action, *Buckhannon Bd. & Care Home v. W.Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001), in an amount to be determined by this Court.

13. That based upon the Defendant's inaction with respect to the instant Complaint, it is asserted that judicial intervention is necessary to resolve the matter.

**WHEREFORE**, Plaintiff respectfully requests that an Order be entered as to the concurrently filed Proposed Order to Show Cause, and for such other and further relief as this Honorable Court may deem just and proper.

Dated: April 10, 2019

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza West 12th Floor
Brooklyn, N.Y. 11201
Joseph@cml.legal