UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DESHAWN DAWSON, on behalf of himself and
all others similarly situated,

                       Plaintiff,                1:19-cv-00521-LGS

  -against-                                MEMORANDUM OF LAW IN
                                                        SUPPORT FOR COSTS AND FEES

KEITH DE LELLIS GALLERY, LLC,

                       Defendant,

---

        Plaintiff brings this action against Defendant, Keith De Lellis Gallery, LLC, alleging various violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a); and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296(2)(a), following the Clerk's Certificate of Default and proposed Order to Show Cause for Default due to Defendant's failure to appear; and respectfully submits the foregoing in support of a Motion for the award of costs, and fees related to the instant action.

        **I. Introduction**

        Plaintiff is a permanently blind individual, a resident of the State of New York, who must utilize screen-reading software to navigate the internet. Plaintiff uses the commercially available JAWS screen-reading program, and is a proficient user of this particular program. Defendant is a New York Corporation, that operates a website which offers consumers features to access the goods and services which Defendant offers in connection with its physical location, located at 41 East 57th Street, Suite 703, New York, NY 10022.

11

As stated within the Compliant, on a number of occasions, the last time in December 2018, Plaintiff attempted to access the subject Website, to no avail. Plaintiff encountered a multitude of access barriers which prevented him from successfully navigating and discerning the offered goods, services, and information in relation to this corporation. The Complaint alleged various violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a); and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296(2)(a).

Plaintiff instituted this action against the Defendant by the filing of a Summons and Complaint on January 17, 2019, and effected service of such Complaint on January 25, 2019. Defendant had 21 days in which to file an Answer or request an extension. Defendant failed to appear or otherwise respond and on April 2, 2019, Plaintiff moved for a Certificate of Default, which was issued by the Clerk of the Southern District of New York on April 3, 2019. Contemporaneously, Plaintiff petitions this Honorable Court for the issuance of a Default Judgment, pursuant Federal Rules of Civil Procedure ("FRCP"), Rule 54(b) and 55(b), based upon Defendant's failure to appear.

### II. Legal Authority For Fees, and Costs

Pursuant to the A.D.A., the Court may award reasonable attorney fees and costs to the prevailing party in a civil rights action. The ADA provides that:

> in any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee, including litigation expenses and costs ….

*See*, 42 U.S.C. § 12205

Indeed, a presumption exists that successful civil rights litigants should ordinarily recover attorneys' fees and costs related to the litigation. See *Raishevic v. Foster,* 247 F.3d 337, 344 (2d Cir. 2001) (function of award of attorneys' fees is to encourage bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel).

The Supreme Court has held that, to qualify as a prevailing party, a civil rights plaintiff must obtain an enforceable judgment against the defendants from whom fees are sought. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Thus, the relief the plaintiff secures must directly benefit him at the time of the judgment. In short, a party "prevails" in a litigation when actual relief on the merits of his or her claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Id. Accordingly, an Order of Default Judgment, for compliance to the ADA and NYCHRL as to the subject website, makes plaintiff a prevailing party entitled to litigation costs, and reasonable attorney fees.

Both statutes permit courts to award prevailing plaintiff's reasonable attorney fees and costs. See 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(a). Courts apply the same standard under both statutes to determine a reasonable award for a prevailing party's fees and costs. See *Hugee v. Kimso LLC.,* 852 F.Supp.2d 281, 297 (E.D.N.Y. 2012). These costs and out-of-pocket expenses are of the type routinely billed by Counsel's fee-paying clients, are necessary items incurred in the litigation process and may be awarded on this fee application. See e.g., *Reichman v. Bonsignore, Brignati & Mazzotta P.C.,* 818 F.2d 278, 283 (2d Cir. 1987).

Here, the attached Statement of Damages details the costs for instituting litigation in this case, and as to attorney fees, Plaintiff respectfully requests the sum to be determined by this

13

Honorable Court, based upon the expenditure of time researching, drafting and preparation of documents. Upon demand, Plaintiff will submit a detailed fee petition.

Wherefore, based upon the authority above, Plaintiff respectfully requests that this Court issue an Order for costs, and reasonable attorney fees in relation to the instant litigation and for such other and further relief as this Honorable Court may deem just and proper.

Dated:    April 10, 2019

Respectfully Submitted,

/s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza West 12th Floor
Brooklyn, N.Y. 11201
Joseph@cml.legal
Attorney for Plaintiff