

Joseph H. Mizrahi – Attorney
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: joseph@cml.legal | W: cml.legal

June 4, 2019

**BY ECF**
Honorable Judge Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *Dawson v. Keith De Lellis Gallery, LLC; Case No. 1:19-cv-00521-LGS*

To the Honorable Judge Schofield,

This firm represents the Plaintiff. We submit this joint letter and proposed Case Management Plan on behalf of all parties in anticipation of the June 11, 2019, 10:30 a.m., Initial Pre-trial Conference.

**1. Brief Statement of the Nature of the Case**

Plaintiff: This lawsuit concerns whether Defendants are violating the Americans with Disabilities Act, New York State Human Rights Law, New York, City Human Rights Law and New York State Civil Rights Law by not making their website equally accessible to the visually impaired. Defendants own and operate the website *www.keithdelellisgallery.com.* Their website is a gateway to and heavily integrated with their physical locations: listing the gallery's locations and operation hours; allowing customers to browse their products and learn information about the gallery's physical locations and other offers.

Plaintiff Dawson is legally blind and cannot use a computer without the assistance of screen-reading software. Defendants' website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff Dawson encountered multiple barriers that denied him access to the website and physical locations equal to sighted individuals. He could not, for example, learn where the gallery is located or their hours of operation, thereby deterring him from visiting the facilities.

In the Complaint, Plaintiff Dawson asserts Defendants' physical locations and website are a "place of public accommodation," and the website is also a "service of those physical places of public accommodation" under the ADA, NYSHRL and NYCHRL. He further asserts Defendants are violating these statutes by not taking the necessary steps to ensure that he and other visually impaired individuals have full and equal enjoyment of the goods and services of the website.

The Second Circuit has held the protections of Title III of the ADA extend beyond

physical structures. See *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id*. at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, every District Court within the Second Circuit to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of a place of public accommodation under Title III of the ADA. See *Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andres v. Blick Art Materials, LLC*, No. 17-cv-767, 2017 U.S Dist. Lexis 121007 (E.D.N.Y. Aug. 1 2017) (Weihstein, J.); *Markett v. Five Guys Enters., LLC*, No. 17-CV-788, 2017 US Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held a company violates the ADA when it fails to make their websites equally accessible to the visually impaired as it denies them full and equal opportunity to enjoy the services of the website and physical structures. Id.

Defendant:   If this case proceeds beyond the Court's disposition of Defendant's intended Rule 12(b) motion to dismiss (discussed below), Defendant expects to contend alternatively that neither Plaintiff nor any other person will be able to make a factual showing of injury or standing with respect to access to Defendant's website; that Defendant's present website is not required by any applicable legal standard to change the website; and that injunctive relief is not warranted in light of the gallery's present and ongoing website updates and accessibility measures. Defendant will also oppose class certification if Plaintiff proceeds on that basis.

## 2. **Brief Statement Regarding Subject Matter Jurisdiction and Venue.**

Plaintiff: This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the plaintiff's New York State Human Rights Law, N.Y. Exec. Law article 15, (NYSHRL), New York State Civil Rights Law article 4 (NYSCRL), and New York City Human Rights Law, N.Y.C. Admin. Code § 8 101, et seq., (NYCHRL) claims. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the plaintiff resides in this district, the defendant conducted and continues to conduct a substantial and significant amount of business in this district, the Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

Defendant: If this case proceeds beyond Defendant's intended dispositive motion for facial insufficiency of the complaint: Defendant expects to contend that Plaintiff cannot show factual standing or injury in fact under ADA Title III, and thus jurisdiction is lacking for that claim; and that federal supplemental jurisdiction over non-federal claims is absent. Defendant does not contest venue.

## 3. **Contemplated Motions**

Plaintiff: Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(a) and (b) class certification.

<u>Defendant</u>: The Court has ordered that Defendant shall respond to the complaint by June 20, 2019. Defendant intends to move to dismiss the complaint under Rule 12(b) for <u>facial</u> insufficiency and lack of standing. *See, e.g., Mendez v. Apple Inc.,* 18 cv 7550 (LAP), ECF No. 25 (S.D.N.Y. March 3, 2019) (dismissal of similar complaint on those grounds). Under the Court's Rule III C 2, Defendant will file a pre-motion letter on or before June 20, unless the Court advises at the June 11 conference that the full motion shall be filed on June 20.

Defendant suggests that the pre-motion letter procedure is particularly appropriate in that Plaintiff should be given the opportunity to decide, before Defendant briefs its motion, whether Plaintiff wishes to amend his complaint in light of the disposition in *Mendez,* to avoid unnecessary repetitive motions.

Defendant requests that disclosure and other pretrial deadlines be deferred pending decision of Defendant's Rule 12(b) motion, which will be addressed to the facial sufficiency of the complaint, and not to additional facts.

If the case proceeds after decision on the Rule 12(b) motion, Defendant anticipates that resolution under Rule 12(c) or Rule 56 may be appropriate. Defendant will oppose class certification if Plaintiff makes a Rule 23 motion.

**4.    Description of Discovery Exchanged.**

n/a

**5.    Computation of each category of damages claimed.**

<u>Plaintiff</u>:  Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to the plaintiff and the proposed subclasses for violations of their rights under the NYSHRL, NYSCRL, and NYCHRL.

<u>Defendant</u>: Defendant does not believe any compensable damages have been sustained or are awardable.

**6.    Status of Settlement Discussions.**

The parties have briefly exchanged views on settlement and do not request a settlement conference at this time.

Respectfully submitted,

By: <u>/s/ Joseph H. Mizrahi</u>
Joseph H. Mizrahi, Esq.


By: <u>/s/ Michael C. Spencer</u>
Michael C. Spencer, Esq.

Enclosure

Cc: All counsel of record (Via ECF)